UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clement Gardner, *individually and,*            Case No. 3:23-cv-2317
*as personal representative of the*
*Estate of Deceased Daniel H. Gardner,*

         Plaintiff,

   v.                                             ORDER

Waechter, LLC, et al.,

         Defendants.

The parties have filed a joint motion for leave to file under seal a joint motion to approve a settlement reached by the parties in this action. (Doc. No. 7). But before I may consider any motion to approve a settlement, I must verify this court has subject matter jurisdiction over the matter. Here, Plaintiff Clement Gardner seeks to invoke this court's original diversity jurisdiction when asserting claims on behalf of himself and the estate of his deceased father, Daniel H. Gardner. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability

company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In this case, Gardner has implicitly recognized this well-settled precedent but fails to satisfy it. That is, Gardner alleges, "the members of Waechter, LLC are domiciliaries of the State of Kansas and none are domiciliaries of the State of Ohio." (Doc. No. 1 at 3). But Gardner does not set forth the identity of those members so that I may confirm the members are individuals whose citizenship turns on their domicile. Without further information about the members Waechter, LLC, I cannot determine no member is a citizen of Michigan, (*see* Doc. No. 1 at 2-3), and cannot verify complete diversity exists.

To maintain this case in federal court, Gardner must supplement the Complaint by filing an affidavit of jurisdiction that identifies each member and sub-member of Waechter, LLC. This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Gardner must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While it remains Gardner's burden to establish this court's diversity jurisdiction was properly invoked, I expect Waechter, LLC to actively participate in developing the relevant facts. As such, I urge counsel for the parties to work collaboratively in acquiring the necessary information and drafting the affidavit so jurisdiction can be verified as soon as possible but no later than April 19, 2024. Only after I verify jurisdiction will I consider the parties' motion to file under seal.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge