UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clement Gardner, *individually and,*            Case No. 3:23-cv-2317
*as personal representative of the*
*Estate of Deceased Daniel H. Gardner,*

           Plaintiff,

v.                                                    ORDER

Waechter, LLC, et al.,

           Defendants.

On December 5, 2023, Plaintiff filed this action asserting four claims against Defendants including a claim for wrongful death. (Doc. No. 1). At the time the Complaint was filed, he sought to pursue this wrongful death "Cause of Action under Ohio's Wrongful Death Statute, found at O.R.C. § 2125." (*Id.* at 4).

Plaintiff has now joined Defendants in a joint motion to approve the settlement under Michigan law. (Doc. No. 11). In doing so, the parties acknowledge "MCL 700.3924(1) only permits Michigan probate courts to approve a wrongful death settlement when 'an action is not pending in another court.'" (*Id.* at 1). Still, the parties allege the settlement of the wrongful death claim here requires court approval and allege I have authority to provide such approval. (*Id.* at 1-2).

In support of their motion, the parties cite *Solek v. K & B Transportation, Inc.*, No. 21-cv-10442, 2022 WL 17538736 (E.D. Mich. Dec. 8, 2022). But in *Solek*, the district court was asked to approve a settlement of a claim under Michigan's Wrongful Death Act, not Ohio's. *See* 2022 WL

17538736 (citing M.C.L. § 600.2922). The parties cite no statute or case law to show I have authority to approve settlement of an Ohio wrongful death claim such as the one brought here.

Even if I *could* approve this settlement under Michigan Compiled Law § 600.2922(5), as the *Solek* court did, the parties have failed to show approval is warranted here. That is, they set forth nothing by way of argument or authority to establish the settlement and its proposed distribution are "fair and equitable, under all the circumstances." *Solek*, 2022 WL 17538736, at *2-*3 (quoting M.C.L. § 600.2922(6)). Further, they fail to even acknowledge the procedural requirements under the statute, including that a hearing must be conducted. *See Solek*, 2022 WL 17538736, at *1 (citing M.C.L. § 600.2922(5)). Instead, they essentially ask me to rubber stamp the settlement. I cannot and will not do so.

Ultimately, because the parties have failed to show I have authority to approve the settlement, I deny their joint motion but do so without prejudice. Any renewed motion must not only show I have jurisdiction to approve the settlement, but also identify the procedural and substantive requirements for such approval.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge